Richard Liebowitz
LIEBOWITZ LAW FIRM PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, New York 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Neil Zlozower*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEIL ZLOZOWER, | |
| Plaintiff, | Docket No. 17-cv-9510 (RWS) |
| - against - | |
| RUKKUS, INC. | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW AND STATEMENT OF DAMAGES**
**IN SUPPORT OF HIS MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**AGAINST RUKKUS, INC. PURSUANT TO FED.R.CIV.P. 55(b)(2) and L.R. 55.2(b)**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................. III

BACKGROUND ........................................................................................................... 1

ARGUMENT 2

POINT I:     PLAINTIFF MEETS ALL PROCEDURAL REQUIREMENTS FOR THE COURT'S ENTRY OF DEFAULT JUDGMENT ................................. 2

POINT II:    THE WELL PLEADED ALLEGATIONS OF THE COMPLAINT ESTABLISH THE DEFENDANT'S VIOLATION OF PLAINTIFF'S COPYRIGHT ............................................................................. 2

  A.      PLAINTIFF OWNS A VALID COPYRIGHT ......................................... 3

    (1)  Plaintiff's Photograph is Subject to Copyright Protection ...................... 3

    (2)  Plaintiff's Photograph is Subject to a Valid Copyright Registration .................. 4

  B.      DEFENDANT COPIED PLAINTIFF'S REGISTERED WORK WITHOUT AUTHORIZATION . 5

    1. Defendant's Copy is Virtually Identical to the Registered Work and is Therefore "Strikingly Similar" As a Matter of Law ................................................................. 5

    2. Defendant's Copying is Unauthorized and Therefore Improper ................................. 6

  C.      DEFENDANT HAS FAILED TO INTERPOSE A MERITORIOUS DEFENSE ........................ 7

POINT III:   CONSISTENT WITH JUDICIAL PRECEDENT - AND TO DETER FUTURE INFRINGEMENT - THE COURT SHOULD AWARD $30,000 IN STATUTORY DAMAGES ......................................................... 7

  A.      PLAINTIFF ELECTS STATUTORY DAMAGES UNDER THE COPYRIGHT ACT WHICH MAY BE AWARDED WITHOUT ANY PROOF OF ACTUAL DAMAGES OR INFRINGER'S PROFITS ........ 7

  B.      AS A MATTER OF LAW, THE COURT MAY DRAW AN INFERENCE OF WILLFULNESS FROM DEFENDANT'S FAILURE TO APPEAR AND DEFEND THE ACTION ........................... 9

  C.      AN AWARD OF $30,000 IS APPROPRIATE TO SERVE THE PURPOSES OF THE COPYRIGHT ACT'S STATUTORY DAMAGES PROVISION ...................................... 11

POINT IV:   THE COURT SHOULD AWARD $4,500 IN ATTORNEYS' FEES (THUS FAR), $500 IN COSTS, INCLUDING INTEREST ................................ 13

  A.      THE COURT SHOULD AWARD $4,500 IN ATTORNEYS' FEES THRU 02/28/2018 ......... 13

  B.      THE COURT SHOULD AWARD $500 IN COSTS ......................................... 15

CONCLUSION 15

# TABLE OF AUTHORITIES

**CASES**

All–Star Mktg. Grp., 775 F.Supp.2d at 628 ........................................................................................13

*All–Star Mktg. Grp., LLC v. Media Brands Co.,* 775 F.Supp.2d 613, 621–22 (S.D.N.Y. 2011) ......................10

*Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)................................................................3

*Broadcast Music, Inc. v. R Bar of Manhattan, Inc.,* 919 F.Supp. 656, 659 (S.D.N.Y.1996).............................2

*Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d 132, 137 (2d Cir. 1998)..................................3

Castle Rock, 150 F.3d at 137 .............................................................................................................6

Chloe v. Zarafshan, 06 Civ. 3140, 2009 WL 2956827 at *7 (S.D.N.Y. Sept. 15, 2009) ...............................10

*CJ Prod. LLC,* 2012 WL 2856068, at *3................................................................................................11

*CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12,

2012)............................................................................................................................................8

*Coated Fabrics Co. v. Mirle Corp.,* No. 06-cv-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) ..............2

*Crescent Publ'g Group v. Playboy Enters., Inc.,* 246 F.3d 142, 150 (2d Cir. 2001) ......................................14

Dweck v. Amadi, 10 Civ. 2577, 2012 WL 3020029 at *4 & n. 5 (S.D.N.Y. July 6, 2012) ............................14

Entral Group Int'l LLC v. Honey Cafe on 5th, Inc., 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006)...........9

*Entral Group Int'l LLC,* 2007 WL 2891419, at *10.................................................................................14

*Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1074-76 (9th Cir. 2000)......................................................3

F.W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952)................9

*Fallaci v. New Gazette Literary Corp.,* 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983) ........................................10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991) ...........................................................3

*Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1117 (2d Cir. 1986) .................................11

*Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997) ...............................4

*Gal v. Viacom Intern., Inc.*, 518 F.Supp.2d 526, 537 (S.D.N.Y. 2007).........................................................6

Getaped.com, Inc. v. Cangemi, 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) ...........................................11, 12

Gladys Music v. Bilbat Radio, Inc., No. 07–CV–6086, 2007 WL 3033960 at *1 (W.D.N.Y. Oct. 15, 2007) .................14

*Granada Sales Corp. v. Aumer*, No. 02 CIV. 6682 (HB) (RLE), 2003 WL 21383821, at *3 (S.D.N.Y. June 2, 2003) . 11, 13

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992) ................................. 3

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005) ............................... 4

*Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*, 274 F. 932, 934 (S.D.N.Y. 1921) ...................................... 3

*Kepner-Tregoe, Inc. v. Vroom,* 186 F.3d 283, 289 (2d Cir.1999) ................................................................. 13

*Kisch v. Ammirati & Puris Inc.*, 657 F.Supp. 380, 382 (S.D.N.Y. 1987) ........................................................ 3

*Lipton*, 71 F.3d at 471 ............................................................................................................................. 5

*Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013)................................. 12

Malletier v. Carducci Leather Fashions, Inc., 648 F.Supp.2d 501, 504 (S.D.N.Y.2009) ................................. 10

*Mason Tenders District Council Welfare Fund v. M & M Contracting & Consulting,* 193 F.R.D. 112, 114–15 (S.D.N.Y. 2000).......................................................................................................................................................... 7

*Microsoft Corp. v. Atek 3000 Computer Inc.*, No. 06-cv-6403 (SLT) (SMG), 2008 WL 2884761, at *3 (E.D.N.Y. July 23, 2008)........................................................................................................................................................ 8

*Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *10 (E.D.N.Y. Sept. 10, 2008)........................................................................................................................................................ 10

*Morris v. Guetta*, 2013 WL 440127, *3 (CD. Cal. Feb. 4, 2013) ................................................................. 4

*N.A.S Imp. Corp. v. Chenson Enterpr.,* 968 F.2d 250, 252 (2d Cir. 1992) ...................................................... 9

OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc., 09 Civ. 8665, 2010 WL 5538552 at *3 (S.D.N.Y. Dec. 6, 2010)............ 14

Pearson Educ., Inc. v. Vergara, 2010 WL 3744033 at *5 ............................................................................. 13

*Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009)...... 9

*Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004).......................................................................................................................................................... 8

*Peer Int'l Corp.*, 2004 WL 1542253, at *3 ................................................................................................. 10

*Peer Int'l Corp.*, 2004 WL 1542253, at *4 ................................................................................................. 12

*Peer Int'l Corp.*, 2004 WL 1542253, at *5 ................................................................................................. 13

*Procter & Gamble Co. v. Colgate-Palmolive Co.*, 199 F.3d 74, 77 (2d Cir. 1999) ........................................ 5

*Richard Feiner and Co., Inc. v. Passport Int'l Prods., Inc.,* No. 97 Civ. 9144(RO), 1998 WL 437157, at *2 n. 13

(S.D.N.Y. July 31, 1998) ........................................................................................................11

*Rodriguez v. Almighty Cleaning, Inc.,* 784 F.Supp.2d 114, 123 (E.D.N.Y. 2011) ...........................................7

*Rogers*, 960 F.2d at 307.................................................................................................................3

*Rovio Entm't, Ltd. v. Allstar Vending, Inc.,* 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ...................................10

*Scholz Design, Inc. v. Sard Custom Homes, LLC,* 691 F.3d 182, 186 (2d Cir. 2012) ........................................4

*Starbucks Corp. v. Morgan,* 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000)...........................8

Stevens v. Aeonian Press, Inc., 2002 WL 31387224 at *1 (S.D.N.Y. 2002) ....................................11

Tokar v. 8 Whispering Fields Assocs., Ltd., No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) 12

*Tu v. TAD System Technology, Inc.*, 2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) .........................................8

*U.S. Media Corp., Inc. v. Edde Entertainment, Inc.*, No. 94-cv-4849 (MBM), 1996 WL 520901, * 3 (S.D.N.Y. Sept.

12, 1996).................................................................................................................................6

U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc., 09 Civ. 5517, 2009 WL 4351962 at *7

(S.D.N.Y. Dec.1, 2009).......................................................................................................14

*U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.,* No. 04-CV-1233 (DLC), 2005 WL 1231645, at *7

(S.D.N.Y. May 25, 2005)....................................................................................................13

*Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ...........................................9

*Van Der Zee,* 2006 WL 44020, at *3 .........................................................................................10

*Whimsicality, Inc. v. Rubie's Costume Co. Inc.*, 891 F.2d 452, 455 (2d Cir. 1989)....................................4

*Wilen v. Alternative Media Net, Inc.*, 2004 WL 2823036, *2 (S.D.N.Y. Dec. 3, 2004)................................9

*Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir. 2001)..............................................9

Yurman Design, Inc., 262 F.3d at 112 .......................................................................................11

## STATUTES

1 Melvin B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 2.08[E][1], at 2–130 (1999) ........................................4

17 U.S.C. § 102(a)(5)..................................................................................................................3

17 U.S.C. § 106 ........................................................................................................................7

17 U.S.C. § 106(1)-(3) ...................................................................................................6

17 U.S.C. § 410(c) ..........................................................................................................4

17 U.S.C. § 504(c)(1) ...............................................................................................8, 12

17 U.S.C. § 504(c)(2) .....................................................................................................8

17 U.S.C. § 505 ........................................................................................................13, 15

28 U.S.C. § 1920 ...........................................................................................................15

**RULES**

Fed.R.Civ.P. 55(b) ..........................................................................................................2

L.R. 55.2(b ......................................................................................................................2

**TREATISES**

4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) ...................................................8

NIMMER ON COPYRIGHT §13.02[B] (2015) ...................................................................6

**BACKGROUND**

Plaintiff Neil Zlozower is a professional rock n' roll photographer whose storied career spans five decades of photographing musical legends and icons. [Docket ("Dkt.") #1, Complaint ("Compl."), ¶¶ 5, 7]  Defendant Rukkus Inc. ("Defendant") is a foreign corporation, with a place of business at 1204 Broadway, New York, NY 10001, which maintains a website at www.rukkus.com and is in the business of selling concert tickets.  [*Id.* at ¶¶6, 10,].

On December 5, 2017, Plaintiff filed a one-count action for copyright infringement alleging that Defendant published his registered photograph of the American rock band Guns N' Roses (the "Photograph") without Plaintiff's consent in violation of his rights under 17 U.S.C. § 106.  [Dkt. #1, Compl., ¶¶ 1, 7, 10, 11, 13].

On December 12, 2017, Plaintiff caused Defendant to be served by personal service at Defendant's designated agent CT Corporation System.  [Dkt. # 5]  Accordingly, Defendant had until January 2, 2018 to file an answer or response to the Complaint.

On January 10, 2018 Plaintiff filed an application with the Clerk of Court to enter default because Defendant failed to answer the Complaint by January 2, 2018.  [Dkt. # 6, Request for Default]

On February 9, 2018, the Clerk filed a Certificate of Default against Defendant. [Dkt. #9, Certificate of Default]

<u>**ARGUMENT**</u>

<u>**POINT I:**</u>        **PLAINTIFF MEETS ALL PROCEDURAL REQUIREMENTS FOR THE COURT'S ENTRY OF DEFAULT JUDGMENT**

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.,* No. 06-cv-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) (*citing* Fed.R.Civ.P. 55(b)). Further, a plaintiff asserting copyright infringement may be granted a default judgment where the defendant has failed to answer or to move against the complaint. *See Broadcast Music, Inc. v. R Bar of Manhattan, Inc.,* 919 F.Supp. 656, 659 (S.D.N.Y.1996). As illustrated below, plaintiff has met the procedural and substantive requirements to warrant the Court's entry of default.

Rule 55(b)(2) of the Federal Rules, in tandem with the Southern District of New York Local Rule 55.2(b) and section 2H of this Court's Individual Rules and Practices, set forth certain procedural prerequisites that must be met before a default judgment may be entered. These include: (1) a signed Clerk's certificate of default; (2) a copy of the pleadings with proof of service; (3) proposed form of default judgment; (4) an attorney's affidavit in support of the motion; and (5) Statement of Damages. *See* L.R. 55.2(b); section 2H of Court's Individual Rules and Practices; SDNY Electronic Case Filing Rules & Instruction 16.2; Fed.R.Civ.P. 55(b)(2).

Here, the record shows that Plaintiff has met the procedural requirements because he has submitted an attorney affidavit with the required information, a proposed default judgment, copies of the pleadings; a copy of the affidavit of service, and the Clerk's Certificate of Default.

<u>**POINT II:**</u>       **THE WELL PLEADED ALLEGATIONS OF THE COMPLAINT ESTABLISH THE DEFENDANT'S VIOLATION OF PLAINTIFF'S COPYRIGHT**

When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages." *Coated Fabrics Co.*, 2008 WL 163598, at \*4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

Here, the Complaint sets forth factual allegations which, if taken as true, establish Defendant's violation of Plaintiff's copyright in the Photograph.   To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998).

## A.    PLAINTIFF OWNS A VALID COPYRIGHT

### (1)    Plaintiff's Photograph is Subject to Copyright Protection

"Protection under the copyright statute extends to pictorial works[.]" *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992) (*citing* 17 U.S.C. § 102(a)(5)).  "Even the slightest artistic touch will meet the originality test for a photograph." *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1074-76 (9th Cir. 2000); *see also Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*, 274 F. 932, 934 (S.D.N.Y. 1921) (Judge Learned Hand) ("no photograph, however simple, can be unaffected by the personal influence of the author."). "Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." *Rogers*, 960 F.2d at 307 (citations omitted); *see also Kisch v. Ammirati & Puris Inc.*, 657 F.Supp. 380, 382 (S.D.N.Y. 1987) (originality expressed through "the photographer's selection of lighting, shading, positioning and

3

timing.")

Here, Plaintiff alleges that he photographed Guns N's Roses [Dkt. #1, Compl., ¶ 7] and that he is the author of the Photograph [*Id.* at ¶ 8]  The Photograph is protectable under the Copyright Act because Plaintiff exercised a personal choice in the positioning of the subjects; choice of his own professional camera equipment; and determination of the precise time when the photograph was taken.[1]

**(2)     Plaintiff's Photograph is Subject to a Valid Copyright Registration**

Pursuant to 17 U.S.C. § 410(c), a certificate of registration from the U.S. Copyright Office, if timely obtained, "constitute[s] *prima facie* evidence of the validity of the copyright . . ." 17 U.S.C. § 410(c).  A certificate of copyright registration is *prima facie* evidence of both valid ownership of copyright and originality.  *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012).  To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work.  *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005).  Thus, "[p]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable." *Whimsicality, Inc. v. Rubie's Costume Co. Inc.*, 891 F.2d 452, 455 (2d Cir. 1989).  A party's "proffer of its certificate of copyright registration thus shifts to [the opposing party] the burden of proving the invalidity of the copyright." *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997).

---

[1] *See Morris v. Guetta*, 2013 WL 440127, *3 (CD. Cal. Feb. 4, 2013) ("almost any[ ] photograph may claim the necessary originality to support a copyright merely by virtue of the photographers' personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken") (*citing* 1 Melvin B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 2.08[E][1], at 2–130 (1999)).

Here, Plaintiff is in possession of a certificate of registration from the U.S. Copyright Office, bearing registration number VA 1-867-118, with effective registration date of April 3, 2013 (the "118 Registration")  [Dkt. #1, Compl., ¶ 9].  The 118 Registration was obtained within five years after first publication of the work, which took place on or about January 15, 2012 according to the publically viewable copyright registration record available on the www.copyright.gov and maintained by the U.S. Copyright Office. [*Id.*]  Accordingly, the 118 Registration serves as *prima facie* evidence of Plaintiff's valid copyright ownership and creates a rebuttable presumption that the work in question is copyrightable.  *Whimsicality, Inc.*, 891 F.2d at 455.  Defendant has not and cannot sustain its burden of showing that the 118 Registration is invalid.

**B.   DEFENDANT COPIED PLAINTIFF'S REGISTERED WORK WITHOUT AUTHORIZATION**

To satisfy the second element of an infringement claim, a plaintiff must show both that his work was "actually copied" and that the portion copied amounts to an "improper or unlawful appropriation." *Castle Rock,* 150 F.3d at 137 (citation and internal quotation marks omitted).

**1.   Defendant's Copy is Virtually Identical to the Registered Work and is Therefore "Strikingly Similar" As a Matter of Law**

Copying can be proven in several ways, including through indirect proof establishing that the defendant had "access to the copyrighted work and that the similarities between the works are probative of copying." *Procter & Gamble Co. v. Colgate-Palmolive Co.*, 199 F.3d 74, 77 (2d Cir. 1999).  However, "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access."  *Lipton*, 71 F.3d at 471 (granting summary judgment on infringement liability where works at issue were virtually identical).  "Striking similarity exists when two works are so nearly alike that the only reasonable explanation for such a great degree of similarity is that the later was copied from the first." *Gal v.*

*Viacom Intern., Inc.*, 518 F.Supp.2d 526, 537 (S.D.N.Y. 2007); *see also U.S. Media Corp., Inc. v. Edde Entertainment, Inc*., No. 94-cv-4849 (MBM), 1996 WL 520901, * 3 (S.D.N.Y. Sept. 12, 1996) (finding striking similarity where "there is no real question that the films owned by the plaintiff and those distributed by the defendants are essentially identical").  "The court's task is to apply logic and experience to determine if copying is the only realistic basis for the similarities at hand." *Id.*; *see also* NIMMER ON COPYRIGHT §13.02[B] (2015) ("At base, 'striking similarity' simply means that, in human experience, it is virtually impossible that the two works could have been independently created.")

Here, the Complaint alleges that Defendant actually copied the Photograph by reproducing and publically displaying the Photograph on the Website.  [Dkt. #1, Compl., ¶ 10, Ex. A and Ex. B.].  Indeed, direct side-by-side comparisons between the original Photograph and the image used by Defendant on its website demonstrates that they are <u>virtually identical</u>. Defendant has merely reproduced a wholesale duplication of the Photograph.

## 2.    Defendant's Copying is Unauthorized and Therefore Improper

Section 106 of the Copyright Act gives the owner of a valid copyright the exclusive rights, *inter alia*, to "reproduce the copyrighted work in copies;" "to prepare derivative works based on the copyrighted work"; and to "distribute copies ... of the copyrighted work to the public by sale or . . . lease." 17 U.S.C. § 106(1)-(3).

According to the Complaint, Plaintiff never granted Defendant authorization to copy the Photograph [Dkt. #1, Compl., ¶¶  11, 13] and therefore violated his rights under 17 U.S.C. §§ 106 and 501 [*Id.* at ¶ 14].  Defendant's copying therefore amounted to "an improper and unlawful appropriation." *Castle Rock,* 150 F.3d at 137.  Having adequately pled a valid copyright

registration certificate and proof of unlawful copying, default judgment in favor of Plaintiff

should be granted on the issue of Defendant's liability for copyright infringement.

C.     DEFENDANT HAS FAILED TO INTERPOSE A MERITORIOUS DEFENSE

In considering a motion for default judgment, the court considers "(1) 'whether the

defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's

claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the

denial of the motion for default judgment.'" *Rodriguez v. Almighty Cleaning, Inc.,* 784

F.Supp.2d 114, 123 (E.D.N.Y. 2011) (quotation and other citations omitted); *see also Mason*

*Tenders District Council Welfare Fund v. M & M Contracting & Consulting,* 193 F.R.D. 112,

114–15 (S.D.N.Y. 2000) (citation omitted).

Here, the Court's granting of Plaintiff's motion for default judgment is warranted because

(1) Defendant has not moved against the Complaint, has failed to answer and has otherwise

failed to appear before this Court, indicating that defendant's default is willful; (2) Defendant has

not asserted any defense to the copyright infringement claim and, in any event, does not have a

cognizable defense; and (3) plaintiff would suffer a high level of prejudice if the Court were to

deny his motion because the Copyright Act entitles him to recover statutory damages for

Defendant's violation of his exclusive rights under 17 U.S.C. § 106, such that denial of this

motion would cause deprivation of Plaintiff's statutorily protected rights and would frustrate the

purpose of the Copyright Act.


**POINT III:     CONSISTENT WITH JUDICIAL PRECEDENT - AND TO DETER
                         FUTURE INFRINGEMENT - THE COURT SHOULD AWARD $30,000 IN
                         STATUTORY DAMAGES**


A.     PLAINTIFF ELECTS STATUTORY DAMAGES UNDER THE COPYRIGHT ACT WHICH MAY
          BE AWARDED WITHOUT **ANY** PROOF OF ACTUAL DAMAGES OR INFRINGER'S PROFITS

"[S]tatutory damages are particularly appropriate where a defendant has defaulted."

*Microsoft Corp. v. Atek 3000 Computer Inc.*, No. 06-cv-6403 (SLT) (SMG), 2008 WL 2884761,

at *3 (E.D.N.Y. July 23, 2008). "At the plaintiff's election, Section 504 of the Copyright Act

allows the Court to assess statutory damages for each work for which the copyright has been

infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17

U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or

loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music &*

*Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004);

*see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11,

2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of

any damages."). Additionally, Section 504 authorizes the Court to increase the statutory damage

award to any amount up to $150,000 for each work involved, if the infringement was committed

willfully. *See* 17 U.S.C. § 504(c)(2).

Here, Plaintiff elects to pursue statutory damages under the Copyright Act. 17 U.S.C. §

504(c). Accordingly, the Court does not need to assess Plaintiff's loss of revenues or

Defendant's profits to calculate an award. *See Tu v. TAD System Technology, Inc.*, 2009 WL

2905780 (E.D.N.Y. Sept. 10, 2009) ('the failure to establish actual damages does not impair this

Court's ability to devise a proper statutory award.").[2] Instead, the Court may rely solely on the

---

[2]     Indeed, even if evidence of Plaintiff's actual losses is available, there is no requirement that
Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products,
LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4
(S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to
recover statutory damages, instead of actual damages and defendant's profits. He may, moreover,
make such an election regardless of the adequacy of the evidence offered as to his actual
damages and the amount of defendant's profits, and *even if he has intentionally declined to offer
such evidence, although it was available.*'") (*quoting* 4 Melville B. Nimmer & David Nimmer,
NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v.*

8

Defendant's willfulness in determining the appropriate amount within the statutory range. *See, e.g., Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("Absent additional evidence of profits lost and repeated by the parties, this court must rely principally on defendants' willful conduct in determining damages."); *Wilen v. Alternative Media Net, Inc*., 2004 WL 2823036, *2 (S.D.N.Y. Dec. 3, 2004) ("Given the absence of evidence presented to the Court regarding the parties' profits and losses . . . I must rely principally on the fact that the defendants' actions were willful . . ."); *see also F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct].")

**B.    AS A MATTER OF LAW, THE COURT MAY DRAW AN INFERENCE OF WILLFULNESS FROM DEFENDANT'S FAILURE TO APPEAR AND DEFEND THE ACTION**

In connection with the determination of enhanced damages under § 504, the Second Circuit has defined "willfulness" as the defendant's actual or constructive knowledge that his actions constitute an infringement; thus, "reckless disregard of the copyright holder's rights . . . suffices to warrant award of the enhanced damages." *N.A.S Imp. Corp. v. Chenson Enterpr.,* 968 F.2d 250, 252 (2d Cir. 1992) (internal quotation marks and citation omitted); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means

_____

*Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

that the defendant recklessly disregarded the possibility that its conduct represented

infringement. A plaintiff is not required to show that the defendant had knowledge that its

actions constituted an infringement.") (internal quotation marks and citations omitted).

It is well-established in this Circuit that the Court may infer willfulness from a

defendant's failure to answer or otherwise appear.  *See, e.g., Rovio Entm't, Ltd. v. Allstar*

*Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is

deemed willful by virtue of a defendant's default."); *All–Star Mktg. Grp., LLC v. Media Brands*

*Co.*, 775 F.Supp.2d 613, 621–22 (S.D.N.Y. 2011) ("Defendants have defaulted and by virtue of

their default are deemed to be willful infringers"); *Chloe v. Zarafshan,* 06 Civ. 3140, 2009 WL

2956827 at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default

because an innocent party would presumably have made an effort to defend itself."); *Malletier v.*

*Carducci Leather Fashions, Inc.,* 648 F.Supp.2d 501, 504 (S.D.N.Y.2009) ("Here, by virtue of

its default, [defendant] has admitted [plaintiff]'s allegation that it acted knowingly and

intentionally or with reckless disregard or willful blindness to [plaintiff]'s rights."); *Microsoft*

*Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *10

(E.D.N.Y. Sept. 10, 2008) ("The Court may infer that defendants' infringement was willful from

their failure to continue to defend this lawsuit."); *Van Der Zee,* 2006 WL 44020, at *3

("[W]illful infringement may ... be inferred from [defendant's] failure to appear and defend the

action."); *Peer Int'l Corp.,* 2004 WL 1542253, at *3 ("the entry of the default judgment alone

supports the finding of willfulness."); *Fallaci v. New Gazette Literary Corp.,* 568 F.Supp. 1172,

1173 (S.D.N.Y. 1983) (in a copyright case, the court "dr[e]w a further inference of willfulness

from the defendant's failure to appear and defend th[e] action, especially in light of plaintiff's

allegation of willfulness and demand for increased statutory damages applicable to willful

infringers") (internal quotation marks and citation omitted).

Here, Defendant's utter disregard for this proceeding in its entirety, coupled with

Defendant's refusal to respond to Plaintiff's repeated good faith efforts to contact Defendant and

resolve the suit warrant the Court's finding of willfulness.

**C.** **A**N **A**WARD OF **$30,000** IS **A**PPROPRIATE TO **S**ERVE THE **P**URPOSES OF THE **C**OPYRIGHT **A**CT'S **S**TATUTORY **D**AMAGES **P**ROVISION

Statutory damages under the Copyright Act "serve[ ] two purposes - compensatory and

punitive." *Richard Feiner and Co., Inc. v. Passport Int'l Prods., Inc.,* No. 97 Civ. 9144(RO),

1998 WL 437157, at *2 n. 13 (S.D.N.Y. July 31, 1998) (quoting *Fitzgerald Publ'g Co., Inc. v.

Baylor Publ'g Co.,* 807 F.2d 1110, 1117 (2d Cir. 1986)) (internal quotation marks omitted).[3]

Where a defendant has acted willfully, "a statutory award should incorporate not only a

compensatory, but also a punitive component to discourage further wrongdoing by the

defendants and others." *CJ Prod. LLC*, 2012 WL 2856068, at *3; *accord Malletier,* 648

F.Supp.2d at 504.

---

[3] "The Court may award statutory damages in an amount within a permissive range that will
further the Copyright Act's objectives of compensating copyright owners for past infringement
and deterring future infringement." *Granada Sales Corp. v. Aumer*, No. 02 CIV. 6682 (HB)
(RLE), 2003 WL 21383821, at *3 (S.D.N.Y. June 2, 2003) (citing *Stevens v. Aeonian Press,
Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224 at *1 (S.D.N.Y. Oct. 23, 2002). "[S]tatutory
damages are not meant to be merely compensatory or restitutionary . . . . The statutory award is
also meant 'to discourage wrongful conduct." *Yurman Design, Inc.,* 262 F.3d at 112 (quotation
and other citation omitted). Moreover, the amount of statutory damages that the court awards
should "further the Copyright Act's dual objectives of compensating copyright owners for past
infringement and deterring future infringement." *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d
398, 403 (S.D.N.Y. 2002).

Here, Plaintiff requests statutory damages of $30,000, which is the maximum amount permitted for *non*-willful infringement. 17 U.S.C. § 504(c)(1). The amount requested is consistent with long-standing precedent in copyright infringement cases where defendant has defaulted. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (finding request for $30,000 in statutory damages appropriate and consistent with awards in similar copyright cases involving default); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) ("In the instant case, it is appropriate for plaintiff to receive the maximum amount of non-willful statutory damages for the copyrighted work infringed by defendants.... [W]hile plaintiff does not seek a willfulness enhancement, it is appropriate for the court to consider the inference of willfulness based on defendants' default in determining the amount of damages within the statutory award range."); *Microsoft Corp.*, 2008 WL 4179653, at *11 (awarding the "maximum allowable amount of unenhanced statutory damages" of $30,000 upon default to deter defendant and others from future infringement); *Peer Int'l Corp.*, 2004 WL 1542253, at *4 (on default, recommending award of statutory damages in the amount of $30,000 on grounds that this "amount would more than compensate Plaintiffs for their actual losses, . . . would be high enough to deter Defendants and others from similar conduct in the future, and is consistent with statutory damages amounts awarded in similar cases); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (awarding $30,000 for willful infringement of a single copyrighted work); *Stevens*, 2002 WL 31387224, at *2 (awarding $30,000 for each of 16 literary works infringed and stating that "in this case it is just to award statutory damages in an amount that equals the maximum permitted in a case of non-willful infringement."); *see also*

*Granada Sales Corp. v. Aumer*, No. 02 CIV. 6682 (HB) (RLE), 2003 WL 21383821, at *3

(S.D.N.Y. June 2, 2003) (recommending that plaintiff be awarded $30,000, the maximum

amount pursuant to 17 U.S.C. § 504(c)(1), and an additional $10,000 in enhanced statutory

damages under 17 U.S.C. § 504(c)(2) for a total of $40,000 in statutory damages as is

"appropriate to achieve the goal of deterrence in light of defendant's willful behavior.").

 Recently, several decisions in this District have resulted in maximum awards under the

the non-willful standard.  *Chevrestt v. Craft Nation Inc.* (1:17-cv-9232-JSR); *Lee v. White Cat

Media, Inc.* (1:17-cv-8122-JSR); *Miller v. AllHipHop.com LLC* (1:16-cv-2744-RA).

**POINT IV:** **THE COURT SHOULD AWARD $4,500 IN ATTORNEYS' FEES (THUS
FAR), $500 IN COSTS, INCLUDING INTEREST**

**A.** **THE COURT SHOULD AWARD $4,500 IN ATTORNEYS' FEES THRU 02/28/2018**

 Under the Copyright Act, an award of fees is appropriate to promote the goal of

deterrence where the evidence supports a finding of willfulness. *See Kepner-Tregoe, Inc. v.

Vroom,* 186 F.3d 283, 289 (2d Cir.1999); *see also U2 Home Entm't, Inc. v. Lai Ying Music &

Video Trading, Inc.,* No. 04-CV-1233 (DLC), 2005 WL 1231645, at *7 (S.D.N.Y. May 25,

2005); *Peer Int'l Corp.,* 2004 WL 1542253, at *5.  Here, willfulness may be inferred from

defendant's default.  *See Microsoft Corp.,* 2008 WL 4179653, at *13 (awarding attorneys' fees);

*Entral Group Int'l, LLC,* 2006 WL 3694584, at *6 (same).

 "Defendant's default ordinarily would weigh in favor of awarding attorneys' fees and

costs under 17 U.S.C. § 505." *CJ Prod. LLC,* 2012 WL 2856068, at *3; see also *All–Star Mktg.

Grp.,* 775 F.Supp.2d at 628 (awarding plaintiff reasonable attorney's fees in a copyright

infringement case where defendant defaulted); *Pearson Educ., Inc. v. Vergara,* 2010 WL

3744033 at *5 ("awarding costs and attorney's fees is warranted, in order to compensate the

13

plaintiffs for the costs they incurred to retain counsel to initiate this litigation and secure

judgment by default"); *Gladys Music v. Bilbat Radio, Inc.,* No. 07–CV–6086, 2007 WL 3033960

at *1 (W.D.N.Y. Oct. 15, 2007) (awarding plaintiff reasonable attorney's fees in a copyright

infringement case where defendant defaulted and the amount of attorneys' fees "due to Plaintiffs

... deriv[ed] from Defendants' repeated violations of copyright law.")

When determining the reasonableness of attorneys' fees, this Circuit uses the "lodestar

method," which involves comparison of the rates charged by the prevailing party's counsel with

the rates charged by attorneys of similar skill and experience practicing in the same locality. *See,*

*e.g. Dweck v. Amadi,* 10 Civ. 2577, 2012 WL 3020029 at *4 & n. 5 (S.D.N.Y. July 6, 2012)

(collecting cases approving $180 to $440 hourly rates for intellectual property associates), *report*

*& rec. adopted,* 2012 WL 3024185 (S.D.N.Y. July 24, 2012); *OZ Mgmt. LP v. Ozdeal Inv.*

*Consultants, Inc.,* 09 Civ. 8665, 2010 WL 5538552 at *3 (S.D.N.Y. Dec. 6, 2010) (approving

$395 to $435 associate rates), *report & rec. adopted,* 2011 WL 43459 (S.D.N.Y. Jan.5,

2011); *U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc.,* 09 Civ. 5517,

2009 WL 4351962 at *7 (S.D.N.Y. Dec.1, 2009) (Peck, M.J.) ($295 for ninth year associate is

"commensurate with (if not lower than) the rates that attorneys in Manhattan with comparable

experience charge and the rates that Southern and Eastern District judges have approved in other

intellectual property cases"), *report & rec. adopted,* 2009 WL 5178023 (S.D.N.Y. Dec. 31,

2009); *Entral Group Int'l LLC,* 2007 WL 2891419, at *10 (finding associate rates of $360 and

$340 to be reasonable in copyright infringement case); *Crescent Publ'g Group v. Playboy*

*Enters., Inc.,* 246 F.3d 142, 150 (2d Cir. 2001) (rates of $354 per hour for partners and $250 per

hour for associates deemed reasonable when compared with the rates charged by attorneys of

similar skill and experience practicing in New York City).

Here, Plaintiff has adequately supported his claims for attorneys' fees by submitting an attorney declaration, contemporaneous time records, and a statement regarding each attorney's individual billing rate which at $350/hr. is consistent with the local market for legal services in the field of copyright litigation.  [*See* Declaration of Richard P. Liebowitz, dated February 28, 2018 and attached exhibits.]

**B.   THE COURT SHOULD AWARD $500 IN COSTS**

Pursuant to section 505 of the Copyright Act, Plaintiff can also recover his claimed costs for filing fees, service fees, and postage either as allowed costs under the general cost recovery statute, 28 U.S.C. § 1920, or under 17 U.S.C. § 505.

Here, Plaintiff has sufficiently documented his costs by submission of contemporaneous time records listing disbursements and expenditures.

Overall, the fees and costs sought are reasonable, and are recoverable under the applicable statutes. Therefore, Plaintiff respectfully requests that the Court grant his request for $4,500 in attorneys' fees and $500 in costs, including interest.

<u>**CONCLUSION**</u>

Based on the foregoing reasons, the Court should enter a default judgment against defendant Rukkus, Inc. for liability for copyright infringement; and enter a judgment on statutory damages in the amount of $30,000, plus $4500.00 in attorneys' fees and $500 in costs, for a total of $35,000, including interest.

Respectfully Submitted,

**<u>/Richard Liebowitz /</u>**

By: Richard Liebowitz

LIEBOWITZ LAW FIRM
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
jf@liebowitzlawfirm.com

*Counsel for Plaintiff Neil Zlozower*